### In re TATOR'S ESTATE.

(Surrogate's Court, Columbia County.   May 27, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO APPOINTMENT—PREFER-
   ENCES—HALF BLOOD.

   Code Civ. Proc. § 2660, providing that, in the selection of administra-
   tors, relatives of the whole blood shall be preferred to those of the half
   blood, is sufficiently broad to include cousins.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 43–59; Dec. Dig. § 17.*]

2. EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO SELECTION—PREFER-
   ENCES—"WHOLE BLOOD."

   "Whole blood," as applied to cousins, within Code Civ. Proc. § 2660,
   providing that relatives of the whole blood are preferred to relatives of
   the half blood, with reference to administration, does not mean a cousin
   whose father and mother were brother and sister, respectively, to another
   cousin's father and mother; the true test in the case of cousins being to
   go back to the same couple of ancestors (grandparents), and if all the
   cousins proceed from the same grandfather and grandmother, they are
   cousins of the whole blood, while if they proceed from the same grand-
   father, but from different grandmothers, or vice versa, they are cousins
   of the half blood.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 43–59; Dec. Dig. § 17.*]

Judicial settlement of the estate of Anna Tator, deceased.   Applica-
tions by Jeremiah Tator and by Everett Ostrander, both cousins of
deceased, asking for letters of administration.   Letters issued to both
petitioners jointly.

L. Royce Tilden, of Hudson, for petitioner Tator.
Crandell & Graf, of Hudson, for petitioner Ostrander.

COFFIN, S.   The petitioner Jeremiah Tator, a cousin of decedent,
asks to be appointed administrator, and claims that, because his father
and mother were brother and sister, respectively, to decedent's father
and mother, he is a relative of the whole blood, and therefore has
priority over the other petitioner, another cousin, Everett Ostrander,
who is said to be a relative of the half blood.

[1] The definition of "whole blood" and "half blood" as given in
the various dictionaries is somewhat vague, and almost invariably
cites as examples brothers and sisters having, or not having, as the
case may be, the same father and mother.   But the language of Code,
§ 2660, preferring *relatives* of the whole blood to relatives of the
half blood, is broad enough to include cousins.

[2] It is easy enough to define brothers and sisters of the whole
and half blood; but is a cousin, whose father and mother were brother
and sister, respectively, to another cousin's father and mother, a cousin
of the whole blood?   And are cousins not so doubly related cousins of
the half blood?   This double relationship is the rare exception, yet
that fact is not sufficient, if such double relationship constitutes "whole

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

blood," to warrant the court in disregarding the mandatory language of the statute.

If we go back to Blackstone's Commentaries, we shall find the solution of the problem, and then the definitions found in later works lose their vagueness. In volume 1, page 194, Blackstone's Commentaries (Twelfth London Edition) we find this clear language:

"But herein there is no objection (as in the case of common descents) to the succession of a brother, an uncle, or other collateral relation, of the *half* blood; that is, where the relationship proceeds, not from the same *couple* of ancestors (which constitutes a kinsman of the *whole* blood), but from a *single* ancestor only, as when two persons are derived from the same father, and not from the same mother, or vice versa."

Assume that A. had two wives, No. 1 and No. 2, and two sons, A $^1$ and A $^2$, by the first wife, and two sons, B $^1$ and B $^2$, by the second wife: The sons A $^1$ and A $^2$ would be brothers of the whole blood to each other, but brothers of the half blood to the sons B $^1$ and B $^2$. If A $^1$ and A $^2$ had each a son, A $^3$ and A $^4$, respectively, and B $^1$ and B $^2$ had each a son, B $^3$ and B $^4$ respectively, then A $^3$ would be a cousin by the whole blood to A $^4$, and likewise B $^3$ a cousin of the whole blood to B $^4$; but A $^3$ and A $^4$ would be cousins of the half blood to B $^3$ and B $^4$. So the true test, in the case of cousins, for instance, is to go back to the same couple of ancestors (grandparents), and if all the cousins proceed from the same *couple*—the same grandfather and grandmother—they are cousins of the whole blood; if, on the contrary, they proceed from the same grandfather, but from different grandmothers, they are cousins of the half blood.

If we apply this test, we shall see that the two petitioners' relationship to decedent proceeds from the same *couple* of ancestors, to wit, grandparents, and they are both of the whole blood. We must therefore hold that the petitioner Jeremiah Tator has no statutory priority over the other petitioner.

Letters may issue to the two petitioners.